960 F.2d 155
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BOEHRINGER MANNHEIM GmbH, Plaintiff-Respondent,
v.
MYCOGEN CORPORATION, Defendant-Petitioner.
 No. 323.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1992.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 Mycogen Corporation (Mycogen) petitions for permission to appeal from the order certified by the United States District Court for the Southern District of California as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b), (c). Boehringer Mannheim GmbH (Boehringer) opposes the petition.
 
 
 2
 This matter stems from a patent infringement suit brought by Boehringer against Mycogen. One of Mycogen's defenses was that it had a license from another licensee to practice the patents.* Mycogen moved for summary judgment of noninfringement from the date it exercised the option to acquire a license to practice the patents. Boehringer cross-moved for summary judgment on the grounds that there was no right for a licensee to sub-license the patent and that, in any event, Boehringer had a right of first refusal concerning the selection of sub-licensees.
 
 
 3
 In a motions hearing on December 9, 1991, the district court orally denied Mycogen's motion of noninfringement based on its license defense and orally granted Boehringer's motion dismissing Mycogen's license defense. At the hearing, the district court stated that Boehringer's motion involved "a matter of law, not a question of fact." The district court further explained that the basis of its ruling was that Boehringer "cited two grounds, it is in the record. I agree with those two." No reasons for denying Mycogen's motion were proffered. On January 14, 1992, the district court without further explanation formally denied Mycogen's motion, granted Boehringer's motion, and certified the order for immediate appeal pursuant to 28 U.S.C. § 1292(b), (c).
 
 
 4
 We are not persuaded that the district court's order meets the criteria of 29 U.S.C. § 1292(b), (c). First, we are unable to discern the "controlling question of law" in the certified order. Even the parties do not agree on what questions are presented. Further, the issues appear to revolve around the specific language of the contract and how it is to be interpreted under Swiss law. Questions such as these are not generally the subject of certified orders.
 
 
 5
 Mycogen asserts that there is a substantial basis for a difference of opinion on this matter, but offers only disagreement with the district court's conclusions based upon an attorney's affidavit interpreting contract provisions pursuant to Swiss law and the "clear and unambiguous language" of the license agreements. Mycogen further asserts that the district court gave little "guidance as to the basis of its decision on these motions," and that "the apparent uncertainty of the District Court with respect to the differing opinions argued" requires an immediate appeal. We consider the district court's lack of "guidance" as reason to decline the appeal, rather than accept it.
 
 
 6
 Finally, granting Mycogen's petition would not advance the ultimate termination of the litigation. Even if Mycogen were to prevail on its license defense, the issue of Mycogen's infringement during the years before it exercised the license option remains.
 
 
 7
 In sum, we decline to exercise our discretionary jurisdiction in this case for the reasons stated above. The issues involved here can be presented, if appropriate, on review after final judgment.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 Mycogen's petition for permission to appeal is denied.
 
 
 
 *
 In its petition for permission to appeal, Mycogen alleges that Boehringer licensed the patents to Genetics Institute, Inc. (GI), that GI licensed the patents to American Agriscience Corp. (American), and that American entered into an option agreement to license the patents to Mycogen. Mycogen counterclaimed that during the option period Boehringer attempted to interfere with Mycogen's right to exercise the option